JACKSON S. POTTER *v.* BOARD OF SELECTMEN OF THE TOWN OF NEW MILFORD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued March 8—decision released May 21, 1974

*Bruce L. Lev,* with whom were *Peter J. Strassberger* and, on the brief, *Richard S. Weinstein,* for the appellant (plaintiff).

*Edward W. Manasse,* with whom, on the brief, was *John W. Pickard,* for the appellee (defendant).

PER CURIAM. The plaintiff, Jackson S. Potter, appealed to the Court of Common Pleas from the denial by the defendant, the board of selectmen of the town of New Milford, of his application for a

license to maintain and operate a mobile home park. From the judgment dismissing the appeal, the plaintiff has appealed to this court.

The record discloses the following undisputed facts: At all times pertinent to this appeal the town of New Milford had no zoning regulations in effect. Pursuant to General Statutes § 7-148, the town had enacted an ordinance regulating the licensing and operation of mobile home parks. The ordinance as adopted contains separate provisions for the granting of a license for a mobile hcme park and for the operation of a mobile home park once a license has been granted. On June 24, 1970, the plaintiff applied to the defendant board for a license to operate a mobile home park on 76.172 acres of land located at the intersection of route 67 and Taylor Road in New Milford. The application was submitted pursuant to § 4 of the mobile home parks ordinance.[1] That section specifies the requirements for license applica-

---

[1] "[Ordinance for Mobile Home Parks, New Milford]

. . . . .

Section 4. APPLICATION FOR MOBILEHOME PARK LICENSE

Application for license hereunder shall be made to the Board of Selectmen in writing. Such application shall include the following:

a. Name and address of applicant; and name and address of real party in interest if other than the applicant.

b. A plot plan made by a licensed surveyor registered in the State of Connecticut under seal showing the site of the mobilehome park, roads, location, size, shape, and identification number of the mobilehome lots, location of sanitary provisions, and name of abutting property owners according to the land records of the Town of New Milford. All final plans or maps shall be of overall size not larger than 25 inches by 37 inches including border. They shall be drawn or traced on a good quality of white drawing paper mounted on muslin or on a good quality of tracing cloth on a scale of not more than 100 feet to the inch. The tracings or drawings shall be made with waterproof black India ink. Four blueprints or other type of copies must accompany the white drawing.

c. Proof of ownership, option or valid lease.

d. Fee of $25.00."

tions, requiring among other things a plot plan showing the "location of sanitary provisions." To fulfill that requirement, the plaintiff's plot plan showed a large, irregularly shaped lot in which was inscribed the legend "Area for Private Sewerage Treatment Plant. 141,000 sq. ft." Section 4 of the ordinance also requires the applicant to submit other information, all of which the plaintiff supplied.

On August 5, 1970, a public hearing was held on the plaintiff's application. Thereafter, the board advised the plaintiff that his application had been disapproved for the following reasons: (1) a substantial part of the proposed site was "low and wet and subject to periodic flooding"; (2) another substantial part contained steep grades, and would be subject to erosion and silting upon excavation; (3) the proposal was a source of potential contamination to a brook flowing through the land, and (4) the plot plan did not show the location of sanitary provisions that would conform to the requirements of the ordinance.

The Court of Common Pleas concluded that the board did not act arbitrarily, illegally, or in abuse of its discretion in finding that the plaintiff's application did not comply with the mobile home park ordinance. The court also concluded that the board's power to determine what would be in the best interests of the public health, safety and welfare "was not unreasonably abused."

In exercising its power to approve or disapprove the plaintiff's application, as distinguished from its power to adopt regulations, the board acted in an administrative rather than a legislative capacity. *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 190, 239 A.2d 534. If the application satisfied the require-

ments of the ordinance which regulates the issuance of mobile home park licenses, the board had no choice but to approve it. *Bossert Corporation* v. *Norwalk,* 157 Conn. 279, 284, 253 A.2d 39; *RK Development Corporation* v. *Norwalk,* 156 Conn. 369, 375, 242 A.2d 781. The plaintiff contends that he complied fully with the requirements of § 4 of the ordinance and that the board, therefore, had no discretion to deny his application. We agree with the plaintiff's claim.

The board's first three reasons for denying the license application did not constitute proper grounds for refusal because they were unrelated to the provisions of § 4 of the ordinance. *RK Development Corporation* v. *Norwalk,* supra, 375–76. The board argues that those reasons were based on the provisions of § 7 (a) of the ordinance. Section 7 sets forth the general requirements for the operation of mobile home parks and § 7 (a) states that "[t]he park shall be located on a site graded to ensure drainage of surface and subsurface water, sewerage, and freedom from stagnant pools." The ordinance does not, however, authorize the board to deny an application for a license which complies with § 4 on the ground that once the license has been granted, the licensee may fail to comply with those provisions of the ordinance which specify the conditions of mobile home park operation. Other means of enforcing the provisions governing mobile home park operation are specified elsewhere in the ordinance.

The board's final reason for denying the application, that the plot plan did not satisfactorily show the location of sanitary provisions as required by § 4, is based on the failure of the application to demonstrate compliance with the requirements of

§ 8 of the ordinance. That section specifies the sanitary requirements for the operation of mobile home parks. Section 4 requires the license application to show only the "location of sanitary provisions," not the type of sanitary provisions contemplated. Compliance with § 8 is not a prerequisite to a license under the ordinance. Section 8 also requires the sewer commission and the health officer to approve the sewerage disposal system, but that approval is not a prerequisite to a license.

There is error, the judgment dismissing the appeal is set aside and the case is remanded for the rendition of a judgment returning it to the board of selectmen with direction to grant the application.[2]

---

[2] Where, on a remand to an administrative agency, "it appears that as a matter of law there was but a single conclusion which the . . . [agency] could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires." *Bogue* v. *Zoning Board of Appeals*, 165 Conn. 749, 753, 345 A.2d 9.