GARY A. DUVE *v.* GAIL S. DUVE
(9057)
(9734)

O'CONNELL, LAVERY and LANDAU, Js.

Argued December 7, 1990—decision released July 3, 1991

*Gary A. Duve,* pro se, the appellant (plaintiff).

*David P. Ball,* for the appellee (defendant).

LAVERY, J. This is a consolidated appeal by the pro se plaintiff father, from a judgment on a motion to modify custody awarding sole custody to the defendant mother of the two minor children (appeal 9057) and from a finding of contempt (appeal 9734). The father claims that (1) the trial court, *Stodolink, J.,* improperly issued a permanent custody change in violation of General Statutes § 46b-7 (2) the psychiatrist's report was unscientific in nature and should not have been admitted as evidence, (3) the mother's counsel acted in an unethical manner, (4) the trial judge acted in an unethical manner.

In his second appeal, the father claims that the trial court, *Pickett, J.,* was incorrect in finding him in contempt for his failure to pay child care expenses because (1) there was no prior order to pay any specific sum of money to the mother for child care and, therefore, there was no violation on which to base a finding of contempt, (2) there was no sworn testimony, and (3) no evidence was proffered or marked.

I

(9057)

Two of the four issues the father raises involve his assertion that the mother's counsel behaved unethically and unduly influenced the court and the unethical conduct of the trial judge.

After a careful review of the transcripts of all of the proceedings, we conclude that the father's assertions that the behavior of the mother's counsel and the trial judge was improper are unfounded and completely without merit.

The father's challenge to the report of psychiatrist Stephen P. Herman was neither sufficiently articulated nor briefed. The father has failed to state any legal issue or provide us with any legal authority on which to base his challenge of the trial court's acceptance of this evidence. Although we allow pro se litigants some latitude, "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." *Galland* v. *Bronson,* 204 Conn. 330, 334–35, 527 A.2d 1192 (1987). Because the father's claim was neither factually developed, nor supported by case citations in his brief, it is deemed abandoned and we will not review it. *State* v. *Jones,* 205 Conn. 723, 740 n.2, 535 A.2d 808 (1988).

The sole issue remaining on the father's first appeal is the assertion that the trial judge violated General Statutes § 46b-7 by proceeding with the custody modification hearing before the family relations officer had filed a final written report, thereby denying him an opportunity to prepare his defense to that report.

The facts pertinent to the resolution of this claim are as follows. The parties were married August 27, 1977, and have two minor children, a daughter and a son. In June, 1988, the marriage was dissolved. An agreement providing for joint custody of the minor children was incorporated by reference into the dissolution decree. Under that agreement, the parties' son would reside with the mother and their daughter would reside with the father.

Despite their agreement, the father and the mother have been embroiled in a custody dispute involving both children since May, 1989. By August 7, 1989, both parties had moved for modification of the custody order

and the matter was referred to family relations for a custody and visitation study.

In late January 1990, the family relations officer met with the parties to relate the findings of her study. At that time she provided both parties with a two page written statement disclosing the names of the people she had interviewed in compiling her report. On the basis of her investigation, the family relations officer recommended that the mother receive sole custody of both children and that the father be granted liberal visitation. The father disagreed with these findings and the family relations officer indicated that she would provide the court with a full written report.

Between May, 1989, and July, 1990, the parties were in court on eighteen separate occasions. On March 19, 1990, the motions for modification were heard. Although the family relations study was completed by that date, it was not yet written. At the hearing, the father objected to going forward without the written report. The court ordered that the case go forward and advised both parties that they would have another opportunity to be heard after the written report was filed. The family relations officer testified extensively from her report. After six days of testimony, relative to the various motions for custody modification, the court awarded sole custody of the children to the mother with liberal visitation to the father. Thereafter, the father filed a motion for a mistrial alleging that the trial court had violated General Statutes § 46b-7 because the parties did not have the written family relations report prior to, or at the time of, the hearing on the motion for modification of custody.

On May 11, 1990, the family relations officer filed her written report. On June 4, 1990, the trial court held

a hearing on the father's motion for mistrial and subsequently denied that motion. In its memorandum of decision, the court stated that it had reviewed the custody study and found it to be a summation of all the material facts contained in the testimony of the family relations officer and that that testimony had been subject to cross-examination by the father who had been given a full opportunity to refute the testimony and produce his own rebuttal witnesses. The court concluded that there was nothing contained in the written report that was more favorable to the father than the evidence adduced during the hearings on modification. The court also found that any adverse information contained in the study was also contained in the family relations officer's oral testimony during the modification hearings allowing ample opportunity for the father to rebut that testimony had he chosen to do so.

On appeal, our review of a trial court's custody order is very narrow in scope. We will not reverse a trial court's ruling on custody unless the court has incorrectly applied the law or could not reasonably have concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985). General Statutes § 46b-7, on which the plaintiff relies, provides in relevant part that "[w]henever, in any family relations matter . . . an investigation has been ordered, the case shall not be disposed of until the report has been filed as hereinafter provided, and counsel and the parties have had a reasonable opportunity to examine it prior to the time the case is to be heard."

This statute has been further clarified, however, by Practice Book § 479, which provides in pertinent part that "[w]henever, in any family relations matter, a case study has been ordered, the case shall not be disposed

of until the report has been filed as hereinafter provided, and counsel and the parties have had a reasonable opportunity to examine it prior to the time the case is to be heard, *unless the court shall order that the case be heard before the report is filed, subject to modification on the filing of the report.*" (Emphasis added.)

In *State* v. *King,* 187 Conn. 292, 297, 445 A.2d 901 (1982), our Supreme Court made it clear that the Superior Court has the power to adopt and promulgate rules regulating pleading, practice and procedure for any judicial proceedings in courts for which it has the constitutional authority to make rules. This authority is granted for the purpose of simplifying proceedings in the courts and promoting the speedy and efficient determination of litigation on the merits. Id. Although the Superior Court is granted broad authority to promulgate rules, such rules shall not abridge, enlarge or modify any substantive right. Conn. Const., art. V, § 1; General Statutes § 51-14 (a); *Mitchell* v. *Mitchell,* 194 Conn. 312, 324, 481 A.2d 31 (1984). In addition, such rules are expressly limited in scope to practice and procedure in the Superior Court itself and do not reach beyond those limits. *Steadwell* v. *Warden,* 186 Conn. 153, 162–63, 439 A.2d 1078 (1982); see also Practice Book § 1.

Practice Book § 479 does not expand, abridge or modify any substantive rights or remedies encompassed by General Statutes § 46b-7. The procedures set forth in Practice Book § 479 implement the statute while eliminating any unnecessary delay of the proceedings.

We conclude, therefore, that there is no conflict between General Statutes § 46b-7 and Practice Book § 479. The court followed the rules set forth in Practice Book § 479 and proceeded with the hearing only after advising the father that he would be given time

to rebut the report. The family relations officer gave extensive testimony on direct examination and was then extensively cross-examined by the father. The father again called the family relations officer as a witness in the presentation of his case. On May 11, the detailed written report of the family relations officer was filed and the parties received copies.

In addition, the father's motion for a mistrial was argued on June 4, 1987. During that hearing, the father argued that there should be a new trial because he did not have the final written report prior to the hearing. He did not, however, demonstrate to the trial court that he was entitled to a modification of the judgment. He failed to offer the trial court any evidence or testimony showing a disparity between the information contained in the formal written report and the information contained in the family relations officer's custody and visitation evaluation worksheet explanation or her extensive testimony on trial. Accordingly, the court denied the motion for a mistrial.

It is not always necessary to have a written study on file prior to the hearing provided there is good reason to proceed and the directives of the statute and the rules of practice have been followed. *Perez* v. *Perez,* 212 Conn. 63, 76–77, 561 A.2d 907 (1989). The father makes no claim that there were inconsistencies in either the January 31 report, the trial testimony, or the May 11 written report. The June 4 hearing was held almost a month after the report was filed and the father had ample opportunity to seek modification.

The trial court gave a full, fair and patient hearing to the father and made its decision on the basis of substantial evidence and in accordance with the law. We will not disturb it. The judgment of the trial court on the motion to modify is affirmed.

## II

## (9734)

The transcript of the father's second appeal discloses that on November 13, 1990, a contempt hearing was held at which the father was found to be in civil contempt of court for failing to pay $3200 in child care expenses. The father was not present at the hearing. The court's finding of contempt was based solely on representations made by the mother's counsel and no sworn testimony was presented to the court to support those representations. We are dealing here with a civil and not a criminal contempt.

"Contempts of court may be classified as either direct or indirect, ' "the test being whether the contempt is offered within or outside the presence of the court." ' *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 150, 496 A.2d 476 (1985)." *Sgarellino* v. *Hightower,* 13 Conn. App. 591, 595, 538 A.2d 1065 (1988). The defendant's failure to comply with the support order is, therefore, an indirect contempt because it occurred outside the presence of the trial court.

"[A] finding of indirect civil contempt must be established by 'sufficient proof' that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure 'as in ordinary cases.' *Potter* v. *Board of Selectmen,* [174 Conn. 195, 197, 384 A.2d 369 (1978)], quoting *Huntington* v. *McMahon,* [48 Conn. 174, 196 (1880)]." *Cologne* v. *Westfarms Associates,* supra, 155. This includes the requirement that a finding of indirect contempt be based upon sworn testimony. *Cologne* v. *Westfarms Associates,* supra.

The trial court's finding of contempt based on the unsworn representations by the mother's counsel was incorrect.

The judgment in appeal 9057 is affirmed. The judgment of contempt in appeal 9734 is reversed and the case is remanded with direction to deny the contempt motion.

In this opinion the other judges concurred.