IN RE ROBIN M.*
(12990)

O'CONNELL, FOTI and HEIMAN, Js.

Argued September 20—decision released November 1, 1994

*Albert J. Oneto III,* for the appellant (respondent).

*Cathleen Mulligan Edwards,* state's advocate, for the appellee (petitioner).

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Mary-Anne Ziewacz Mulholland,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Susan T. Pearlman,* assistant attorney general, for the third party appellee (commissioner of children and families).

FOTI, J. The respondent appeals from only that part of the judgment that consists of a warning issued pursuant to General Statutes § 46b-149 (h).[1] The respondent claims that the trial court improperly issued the "Long Lane Warning" concerning future possible behavior because (1) the respondent had attained the age of sixteen, and (2) it was not part of the previous agreement of the parties.

On June 10, 1993, the respondent, a fifteen year old girl, was adjudicated a child from a family with service needs pursuant to General Statutes § 46b-120. The respondent had admitted, in the presence of her attorney and her mother, to being a runaway. At the request of the parties, the court postponed the dispositional hearing until October 21, 1993, to allow for the preparation of both psychiatric and probation reports. The respondent became sixteen years of age on August 1, 1993.

At the dispositional hearing held in accordance with Practice Book § 1034.1, the parties agreed to an order of commitment to the department of children and families (DCF) for an indeterminate period not to exceed eighteen months, pursuant to General Statutes § 46b-149 (h) (2). The respondent was directly placed at New Hope Manor, a residential, nonsecure group

[1] General Statutes § 46b-149 (h) provides in relevant part: "If the court issues any order which regulates future conduct of the child, the child shall receive adequate and fair warning of the consequences of violation of the order at the time it is issued, and such warning shall be provided to the child, to his attorney and to his legal guardian in writing and shall be reflected in the court record and proceedings."

home and treatment facility for girls. The respondent was ordered by the court to cooperate with treatment and to remain at that facility until she was successfully discharged. At the request of the state's advocate, the court then warned the respondent that if she did not abide by the rules at New Hope Manor, she could be sent to Long Lane School, a secure facility primarily for children who have been adjudged delinquent. The respondent objected to the warning and appealed. Because she does not challenge the order of commitment, but rather only the court's issuance of the warning, and because she cannot demonstrate a specific injury as a result of that warning, we must conclude that the respondent lacks aggrievement. We therefore dismiss her appeal.[2]

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction . . . [and a] requisite element of appealability is that the party claiming error in the decision of the trial court be aggrieved . . . ." (Citations omitted; internal quotation marks omitted.) *Scarsdale National Bank & Trust Co.* v. *Schmitz,* 24 Conn. App. 230, 232, 587 A.2d 164 (1991). "The test for demonstrating aggrievement is well settled: 'First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must success-

---

[2] Because we conclude as we do, we find it unnecessary to address the claim raised by the commissioner of DCF that the respondent fails to satisfy the criteria for justiciability. Justiciability requires that (1) there be an actual controversy between or among the parties to the dispute, (2) the interest of the parties be adverse, (3) the matter in controversy be capable of being adjudicated by judicial power, and (4) the determination of the controversy will result in practical relief to the complainant. *Zarembski* v. *Warren,* 28 Conn. App. 1, 6–7, 609 A.2d 1039, cert. denied, 223 Conn. 918, 614 A.2d 831 (1992).

fully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' *Winchester Woods Associates* v. *Planning & Zoning Commission,* 219 Conn. 303, 307, 592 A.2d 953 (1991)." *First Charter National Bank* v. *Ross,* 29 Conn. App. 667, 674, 617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1994).

The respondent can point to no actual injury that results from the action of the court. There is no challenge to the finding of the court or to the order of commitment to the commissioner of DCF. The only challenge here is to the issuance of the "Long Lane Warning." The respondent acknowledges that under certain circumstances the court does have authority to issue an appropriate warning under General Statutes § 46b-149 (h).[3] She argues, however, that there is a lack of enforceability of the "Long Lane Warning" in this case. The argument is essentially that, should a future violation occur, the juvenile court could not entertain a new petition of delinquency because the respondent is no longer a child. General Statutes § 46b-149 refers specifically to a "child," which is defined by § 46b-120 as "any person under sixteen years of age." The respondent's claim is based on a contingency that is far too remote to satisfy the injury requirement of aggrievement.

The parties agree that no measures have been taken to implement the warning and no sanction was imposed on the respondent in conjunction with the warning. We cannot speculate as to the result of a future violation. The respondent can suffer no harm as a result of the

---

[3] The parties agree that the warning as given does not comply with the statute in that no writing was ever presented to the respondent, her attorney or her legal guardian. The parties also agree that an order committing the respondent to Long Lane would not be enforceable under the existing circumstances.

warning of a future violation of a court order that may be unenforceable and ineffective.

The appeal is dismissed.

In this opinion the other judges concurred.