DAN A. WILLOCKS *v.* ARTHUR O. KLEIN
(13298)

FOTI, LAVERY and LANDAU, Js.

Argued April 20—decision released June 27, 1995

*Arthur O. Klein,* pro se, the appellant (defendant), with whom, on the brief, was *Sanford C. Nadler.*

*James C. Wing, Jr.,* with whom, on the brief, was *Kenneth R. Bunk,* for the appellee (plaintiff).

FOTI, J. The defendant[1] appeals from a postjudgment order of the trial court setting a specific closing date on property owned by the defendant that was the subject of an underlying stipulated judgment. The defendant filed his appeal from the "judgment ordering the transfer of real property from the defendant to the plaintiff." As a preliminary matter, we must determine whether the defendant is aggrieved; General Statutes § 52-263;[2] *Gaudio* v. *Gaudio,* 23 Conn. 287, 303–304, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990); and whether his appeal is properly filed from a final judgment.[3] See *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

The underlying judgment in this matter is based on an agreement of the parties, executed on November 24, 1992, that called for the transfer of certain property from the defendant to the plaintiff within ninety

---

[1] The defendant is an attorney acting pro se.

[2] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[3] The parties were notified prior to oral argument to be prepared to address these issues. The defendant declined our offer to continue the matter and indicated that he was prepared to argue.

days. On October 25, 1993, the plaintiff's motion for a judgment in accordance with the stipulation was heard by the trial court. The defendant argued, unsuccessfully, that the stipulation provided for a transfer of the subject property within ninety days of November 24, 1992, and that, since that time had passed, the agreement was ineffective. The court rendered judgment, over the defendant's objection, based on the agreement, and set a new ninety day period for transfer of the property. The defendant neither moved to correct the judgment nor filed an appeal.[4] The defendant did not transfer the property as required by the judgment, and, on December 2, 1993, the plaintiff filed a motion for contempt. A hearing was held on January 3, 1994, at which time the court denied the plaintiff's motion for contempt, but ordered a ninety day extension of the date for closing. The new date was set for April 5, 1994.[5]

On appeal, the defendant argues, however, that he is aggrieved by the postjudgment order setting the time within which he must comply with the order of transfer in the underlying judgment.[6] He also argues that the original ninety day period of the agreement was the only time within which he agreed to convey the property and he should not now be forced to do so.

[4] If a party claims a lack of conformity between the agreement and the judgment rendered by the court, that party may properly appeal from the denial of the court of that party's motion to correct the judgment. *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 256, 624 A.2d 904 (1993).

[5] The trial court noted: "All right, judgment is still in effect. The closing is continued and will take place within ninety days . . . I kind of like to have a specific date . . . I know you object generally, Mr. Klein, and I don't ask you to agree to that, but just in terms of the date being a fixed date of April 5, 1994, rather than ninety days from today. Does anybody have a problem with that?" Neither party objected to that date.

[6] Since aggrievement implicates appellate jurisdiction, the issue of the appellant's lack of aggrievement must be reviewed even if such a claim was not raised at the trial level. *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 307, 592 A.2d 953 (1991).

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction . . . [and a] requisite element of appealability is that the party claiming error in the decision of the trial court be aggrieved . . . ." (Internal quotation marks omitted.) *Scarsdale National Bank & Trust Co.* v. *Schmitz*, 24 Conn. App. 230, 232, 587 A.2d 164 (1991). "The test for demonstrating aggrievement is well settled: First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Citations omitted; internal quotation marks omitted.) *In re Robin M.*, 36 Conn. App. 146, 148–49, 649 A.2d 257 (1994).

The defendant claims to be appealing from the court's order specifically setting the date for the closing as on or before April 5, 1994. The defendant cannot demonstrate that he is aggrieved by this order, since it extends, rather than limits, the period within which he may comply with the judgment.

The defendant agrees that although the denial of a motion for contempt is a final judgment for purposes of appeal; *Potter* v. *Board of Selectmen,* 174 Conn. 195, 196, 384 A.2d 369 (1978); he is not aggrieved by the court's denial of the motion for contempt because he did not bring the motion but rather was the party against whom it was brought. The defendant has failed to establish that his interest has been specially and injuriously affected by the decision from which he is appealing.

The defendant's argument that the original ninety day period set out in the November 24, 1992 stipulation was the only period within which he agreed to convey the property is the same argument that he raised in the trial court when he objected to the entry of the original judgment. As an attack on that original judgment, this claim should have been raised as an appeal from that judgment. Since it was not, it may not be raised now. We conclude that the order to convey, as part of the underlying judgment from which no appeal was taken, may not be raised as part of this appeal.

The right of appeal is purely statutory, originating in § 52-263.[7] Not only must the appellant be aggrieved by the decision of the court, but the appeal must be taken from the final judgment of the court. The defendant agrees that the judgment rendered on October 25, 1993, was a final judgment from which no appeal was taken. The defendant is appealing from the postjudgment order that extended the date of closing. While some rulings on postjudgment motions may be appealed in their own right, the defendant can point to no authority allowing an appeal from this postjudgment order.

We conclude that the defendant is neither aggrieved by the decision of the court, nor does he appeal from a final judgment.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[7] See footnote 2.