[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (# 194)
On April 20, 1994, the pro se plaintiff, Helena Willett, filed a complaint against the defendants, Elderly Housing Management, LaPrise Quality Floor Covering, Inc., and Terminix, International, Inc. In that complaint, the plaintiff describes an ordeal she has endured which relates to the infestation of her apartment with insects.
On September 12, 1995, the court (Thim, J.) granted the defendant Terminix's motion to strike count three of the complaint on the ground that the plaintiff had failed to state a cause of action.
On September 25, 1995, the plaintiff filed a pleading entitled "Amended Complaint" in which she alleges that Terminix is responsible for health problems stemming from infected flea bites and Terminix's use of "various gasses." On October 5, 1995, Terminix filed a motion to strike the amended complaint, and a memorandum of law in support thereof, claiming that the plaintiff had failed to state a cause of action and also that any cause of action recognized by the court has now been barred by the applicable statute of limitations. The plaintiff did not respond by filing a memorandum in opposition to Terminix's motion. She did, however, appear before this court on October 23, 1995, at which time she urged the court to allow her more time to research the issues raised in opposition to her complaint. CT Page 12556-E
Pursuant to Practice Book § 152, "[t]he purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215, 618 A.2d 25 (1992). The court must "take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992).
This court recognizes the fact that the plaintiff has instituted this action without the benefit of counsel. However, "[a]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." Duve v.Duve, 25 Conn. App. 262, 264, 594 A.2d 473 (1991).
In the amended complaint, it appears that the plaintiff has attempted to allege either a negligence claim or strict product liability claim or both. However, the plaintiff has failed to include facts that, if proved, would establish the necessary elements of either cause of action.
The motion by Terminix International to strike the amended complaint is granted.
RONAN, J.