[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These matters are the defendant's motion to determine an arrearage allegedly created by the plaintiff's failure to pay child support and the plaintiff's motion to hold the defendant in contempt for failure to pay $35,000 plus interest and attorney's fees. The court held an evidentiary hearing on these motions on May 20, 1996.
I. Defendant's motion re delinquent child support. CT Page 4192-L
The judgment dissolving the parties' marriage, filed on June 2, 1992, awarded custody of the parties' two minor children to the defendant and required the plaintiff to pay to the defendant $80 per week per child for a total child support obligation of $160 per week. On December 29, 1995, the plaintiff filed a motion to terminate this order, which motion was granted on January 16, 1996. The issue of retroactivity of the termination was expressly deferred at that time and is addressed in this decision. Since the date of judgment the plaintiff has paid $8,870 in child support.
The plaintiff contends that her obligation to make child support payments ceased, by operation of law, even though she never pursued termination in court until December 29, 1995. The following facts are necessary to understand this contention.
Shortly after dissolution of the marriage, in June 1992, the Department of Children and Families (DCF) removed the younger child from the defendant's care. That child was placed in foster care in June 1993. In June 1994, DCF reunited the child with the CT Page 4192-M plaintiff, and that child has resided with the plaintiff ever since. The defendant, who was awarded custody under the judgment, last saw the child in June 1992. Despite these happenings, the plaintiff only sought to modify child support in December 1996.
Essentially, the plaintiff argues that because the state agency intervened and removed the child from the defendant's care and, ultimately, returned the child to the care of the plaintiff, the child support order contained in the dissolution judgment became nugatory, and no modification by the court was necessary to relieve the plaintiff of her burden under the judgment. The court must reject this argument.
Despite the plaintiff's attempts to characterize her position otherwise, she is really asking the court to modify the June 2, 1992, child support order retroactively. General Statutes § 46b-86(a) forbids such retroactive modification except for the period when the motion to modify is pending. Hill v. Hill,39 Conn. App. 258, 265 (1995); Sanchione v. Sanchione,173 Conn. 397, 406 (1977). Under § 46b-86(a) it was incumbent upon the plaintiff to seek modification based on the changed CT Page 4192-N circumstances. Absent earlier recourse to the court, the plaintiff cannot now ask the court to erase the obligation, which had existed since June 1992, retroactively.
Pursuant to § 46b-86(a), however, the court does regard the effective date of the termination of the child support order to be December 29, 1995, the date on which the motion to modify was filed. The total amount of child support owed by the plaintiff from June 2, 1992 to December 29, 1995, equals $160 per week for 186 weeks, or $29,760. The plaintiff has paid $8,870 leaving an arrearage of $20,890.
Because of the unusual facts of this case, the court declines to order the arrearage to be paid in a lump sum. The rule against retroactive modification creates a windfall for the defendant who has provided no actual support for the younger child since June 1992. The plaintiff has provided actual support at her residence since June 1994. For these reasons, as well as the modest economic resources of the plaintiff as disclosed by her financial affidavits, the court feels periodic payment against the arrearage is appropriate. CT Page 4192-O
When a child has lived with the obligor for the past six months, as in this case, the special rules for calculating periodic arrearage payments contained in the Child Support and Arrearage Guidelines § 46b-215a-4(d) apply. The plaintiff's gross income exceeds 250% of the federal poverty guidelines requiring use of § 46b-215a-4(d)(2)(B). The court has applied that subsection and orders the plaintiff to pay to the defendant $15.00 per week toward the arrearage.
II. Plaintiff's motion for contempt.
In a contempt proceeding, the movant has the burden of establishing, by a preponderance of the evidence, the existence of the court order claimed to have been violated. Duve v. Duve,25 Conn. App. 262, 269 (1991); Potter v. Board of Selectman,174 Conn. 195, 197 (1978). In the present case, the judgment ordered the defendant to pay to the plaintiff one-half the equity in the family dwelling, which one-half portion was $35,000. The judgment further provided that, in the event the defendant was unable to pay that sum within three months, "he is to give the plaintiff a CT Page 4192-P note and mortgage for the amount owed at the rate of 10% per annum from the date of the judgment in this case to the time the plaintiff receives or is offered the payment. The mortgage and note shall be no longer than two years."
The defendant has paid nothing but did execute the note and mortgage deed in accordance with the terms of the judgment. The execution of these documents fully satisfies the order of the court. Having complied with this provision of the judgment, the defendant cannot be in contempt. The plaintiff has the remedy, of course, of suing on the note or foreclosing on the mortgage. The motion for contempt is denied.
Sferazza, J.