[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs apply for a temporary restraining order under C.G.S. § 31-112 et seq. prohibiting and restraining the City of Hartford (City) and Saundra Kee Borges, the City Manager (Manager) from directing the Hartford Police Department's Firearms Discharge Review Board (Board) to cease and desist review of a police shooting involving plaintiff Robert C. Allan (Allan).
 Facts
Allan is a Hartford police officer and a member of plaintiff, Hartford Police Union (the Union) which is an employee organization within the meaning of C.G.S. § 7-467 (c) and is the sole and exclusive bargaining agent, of certain members of the Hartford Police Department (Department) including Allan.
City is a municipal employer within the meaning of C.G.S. §7-467 (1).
At all relevant times, the Union and the City were operating under a Collective Bargaining Agreement (Agreement). Section 3.4 of that agreement incorporates and includes by reference certain written memoranda or directives issued by the Chief of Police (Chief). The Agreement also provides a grievance procedure including arbitration.
On August 22, 1982, as authorized, the Chief, issued Department Policy and Procedure Number 1-22 (Number 1-22) which relates to the operation of the Board.
On or about June 27, 1986, the Chief, as authorized, issued Hartford Police Department Policy and Procedure Number 1-21
(Number 1-21) for investigations of firearms discharged by Department personnel, effective June 29, 1986.
On March 22, 1996, the Chief, as authorized, issued amended Policy and Procedure Number 1-21a (Number 1-21a). CT Page 4785
On or about April 13, 1999, the Department began an investigation of a shooting involving Allan in accordance with the provisions of Number 1-21. On April 16, 1999, Governor John G. Rowland, under C.G.S. § 51-277a(b), requested that Chief State's Attorney John M. Bailey (Bailey) appoint a prosecutor from outside the Judicial District of Hartford to conduct an investigation to determine whether the use of deadly force by Allan was appropriate under C.G.S. § 53a-22. Bailey appointed Kevin T. Kane, State's Attorney for the Judicial District of New London (Kane) to investigate and determine whether such use of force was appropriate under that statute.
Kane, with the assistance of the Connecticut State Police, the State Police Forensic Laboratory, the Hartford Police Department Major Crimes Unit and the State Police Eastern District Major Crime Squad conducted an investigation of the April 13, 1999 shooting. The results of the investigation were submitted in a report dated February 16, 2000. The Report, on February 18, 2000, was delivered to, and received by, the Department. On February 22, 2000, within five (5) days of receiving the Report, the Chairman of the Board, Deputy Chief Kevin Jones, (Jones), convened a meeting of the Board, as mandated by Number 1-21, as amended. At this first meeting of the Board, copies of the Report were given by Jones to the other Board members. Jones then scheduled a Board meeting for February 24, 2000, in accordance with Number 1-22.
On February 23, 2000, the Manager instructed the Chief of Police, then Acting Chief Deborah Barrows (Barrows) to issue an order directing the Board to cease and desist fulfilling its work under the then existing Department Policies and Procedures. Barrows has complied with the Manager's instructions. The Manager has no present intention to rescind her instructions to Barrows.
Section 3.4 of the current Collective Bargaining Agreement between the City of Hartford and the Hartford Police Union provides:
 "Any job benefits or work practices existing prior to the date of this Agreement, which were the subject of any written memoranda or directives issued by the Chief or his superiors and which are not specifically provided for or abridged in this Agreement, are hereby protected by this contract. This provision shall not preclude the right of the City Manager to make reasonable changes in such work practices and job CT Page 4786 benefits, provided that no such change shall be made for the purpose of undermining the Union."
By letter dated February 23, 2000 the Union, made a demand upon Barrows to reconvene the Board and continue its review of the shooting by Allan. Barrows has not complied with that demand. The Manager asserts she will not reverse her directive in regard to the Board and indicates it is her intention to review the Allan shooting under a proposed updated Policies and Procedures Numbers1-21 and 1-22.
On February 25, 2000 the Union notified the Labor Commissioner by letter of the present Application for Temporary Restraining Order pending before this Court and of its willingness to submit the dispute to arbitration or mediation.
The Union has also filed a grievance regarding the cease and desist order which is the subject of this Application. The Union, however, has not filed a complaint with the Connecticut State Board of Labor Relations.
There is now pending in the United States District Court, District of Connecticut (District Court) the matter of Cintron v.Vaughan, Docket No. 13578 (EBB) and there are at present motions for contempt brought by plaintiffs therein, alleging various violations of a 1973 Consent Decree.
Certain new Policies and Procedures are being proposed in that matter and the parties therein seek approval of a possible settlement regarding those Policies and Procedures by the Federal Court Judge. The Union has also filed an Application to Intervene in that matter dated February 24, 2000. In such Application the Union is seeking, inter alia, that the Federal Court consider the Union's position in updating the orders regarding discharges of firearms and the Firearms Discharge Review Board and to determine whether such updated orders will apply to the review of Allan's shooting.
It is not known how long the review of Allan's shooting would take under the existing Board policies if such Board were to reconvene immediately. It is similarly not known how long the review of the Allan shooting would take if it were to be undertaken pursuant to the proposed updated policies, now being presented for approval by the Federal Court Judge.
In their application to intervene in the action in the District CT Page 4787 Court, the plaintiffs in this action allege that the "proceedings before the United States District Court . . . espouse actions which would contravene the bargained for Policy and Procedures of the Union and the City established for the Hartford Police Department. Those proceedings are . . . of vital interest to, and which outcome will (sic) affect, Intervenors".
 Law
To prevail plaintiffs must show that they have no adequate remedy at law, that they are or will be substantially injured, and that will more probably than not prevail in the final judgment. Potter v. Board of Selectmen, 174 Conn. 195, 199;Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 457-458. If all that is proven the court is still required to balance the equities among the parties. id.
The plaintiffs themselves believe that they have an adequate remedy at law in the United States District Court. They have such a remedy.
The plaintiffs also have an adequate contractually bargained for remedy for arbitration.
The plaintiff Union could possibly be injured if the application is denied but the court cannot find such injury at this time.
The plaintiff, Allan, if he has to wait for a decision for an unreasonable time, would be hurt and it could easily take other remedies an unreasonable time to conclude.
The court cannot find that plaintiffs are likely to prevail in the final judgment of this court.
The court need not balance the equities here.
Application denied.
N. O'Neill, J.