[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #109 MOTION FOR CONTEMPT
A hearing was held in this matter on February 24, 2003. On said date the parties hereto presented evidence concerning the defendant's Motion for Modification of Child Support.
In a Motion for Contempt dated December 2, 2002, Ms. Winfield alleges that Mr. Lovett has disobeyed orders of this Court in the following ways:
He has not followed court order and now refuses to allow Tianna Lovett to have any visitation at all due to my complaints of him leaving her 24/7 with Christine Anderson.[1]
The record of this matter indicates that on November 11, 1999, the parties hereto entered into a Stipulated Agreement that provides in pertinent part that:
1) The above referenced parties agree to share joint custody of their daughter (Tianna Lovett 1-18-97). Primary residence of the child will be with the plaintiff father . . .
2) The defendant mother shall have access every weekend from Friday evening until Sunday evening. If unable to provide direct child care on her weekend Ms. Winfield will provide Mr. Lovett with at least (24) [hours] advance notice . . .
The movant in this matter asserts that the plaintiff violated an order of this Court by not allowing her to have any visits with the party's minor child.
In a civil contempt proceeding, the movant has the burden of establishing, by a preponderance of the evidence, the existence of a court order and noncompliance with that order. See Potter v. Board ofSelectmen, 174 Conn. 195, 197, 384 A.2d 369 (1978); Duve v. Duve, CT Page 285625 Conn. App. 262, 269, 594 A.2d 473, cert. denied, 220 Conn. 911,597 A.2d 332 (1991), cert. denied, 502 U.S. 1114, 112 S.Ct. 1224,117 L.Ed.2d 460 (1992).
Statewide Grievance Committee v. Zadora, 62 Conn. App. 828, 832
(2001).
[A] finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases . . . Billings v. Billings, 54 Conn. App. 142, 152, 732 A.2d 814
(1999).
Legnos v. Legnos, 70 Conn. App. 349, 352 (2002).
In the present action the plaintiff has established the existence of a court order. As to the issue of noncompliance, during the hearing of this matter, both parties testified in Court and took advantage of the opportunity to cross-examine one another. Both sides gave conflicting evidence as to the events that led up to the filing of the instant motion.
This Court finds that upon completing the hearing in this matter and weighing all of the evidence presented by both parties, and judging the credibility of the witnesses, the movant has failed to met her burden of proof to show that the defendant failed to comply with the Court's order of November 22, 1999 concerning her visitation rights with the minor child. The Motion for Contempt is therefore denied.
 Richard Allan Robinson, J. February 28, 2003