JOHN H. GRADY ET AL. *v.* ROBERT A. SCHMITZ ET AL.
(7900)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued November 9, 1989—decision released March 27, 1990

*Ridgely W. Brown,* with whom, on the brief, was *Bracken C. O'Neill,* for the appellants (named defendant et al.).

*Philip R. McKnight,* for the appellees (plaintiffs).

DUPONT, C. J. This case was previously decided by this court and remanded to the trial court, after a judgment for the defendants was set aside, with direction to render judgment for the plaintiffs. *Grady* v. *Schmitz,* 16 Conn. App. 292, 547 A.2d 563, cert. denied, 209 Conn. 822, 551 A.2d 755 (1988). The defendants appeal, claiming that the trial court erred because it (1) rendered a judgment that exceeded the scope of the remand, (2) denied the defendants' request for an evidentiary hearing, and (3) ordered explicit injunctive relief for or against persons who are not proper parties.

At the initiation of the action, seven plaintiffs sought an injunction against seven defendants to bar subdivision of the defendants' respective properties by requesting judicial enforcement of a certain restrictive covenant. The first appeal to this court was taken by the plaintiffs Clifford C. Woods, Jr., and Mary Louise Woods. The action had been withdrawn as to other defendants and the appeal involved only the defendants Robert A. Schmitz and Marion B. Schmitz. After the decision in *Grady* v. *Schmitz,* supra, the defendants petitioned the Supreme Court for certification claiming that we had erred as to the location of the defendants' property, which error allegedly caused us to reach an erroneous result. The petition to the Supreme Court was denied. *Grady* v. *Schmitz,* 209 Conn. 822, 551 A.2d 755 (1988).

On remand, the trial court held a hearing on the plaintiffs' motion for judgment, at which time counsel for the plaintiffs filed a draft of a proposed judgment. The trial court rendered a judgment of permanent injunction against the defendants, prohibiting them from conveying their property "in violation of the restrictive covenant barring the subdivision of their property for the purpose of erecting more than one house thereon . . . ." and from "in any way or manner, either directly or indirectly, dividing or subdividing or building upon or permanently improving the real property presently occupied" by the defendants. The language used in the judgment file is, with minor exceptions, identical to that proposed by the plaintiffs in their draft judgment filed with the court. The court also denied the defendants' motion for an evidentiary hearing.

The defendants claim that the injunctive relief ordered by the trial court exceeded the bounds of the remand order by ordering broad and permanent injunctive relief. A trial court on remand must " ' "comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other

than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein." . . .' "* (Emphasis in orginal.) *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 312, 541 A.2d 858 (1988), quoting *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 794–95, 462 A.2d 1043 (1983).

In *Grady* v. *Schmitz,* supra, we directed the trial court to render judgment for the plaintiffs. The trial court concluded correctly that injunctive relief was the proper subject of the judgment to be rendered since that was the relief originally sought by the plaintiffs and the relief contemplated by this court's decision in the first appeal. The trial court proceeded in conformity, therefore, with our remand order by rendering judgment for the plaintiffs and issuing an injunction. It is the scope of the injunction, however, that is the question to be resolved by this appeal. The defendants argue that the breadth of the injunction exceeds the scope of the remand order. We agree.

Although the language of the judgment of injunction closely follows that of the plaintiffs' prayer for relief in the complaint, the scope of that language goes beyond both the relief to which the plaintiffs are entitled under the terms of the restrictive covenant and the true intent and meaning of the language of this court's opinion in the first appeal. The language of the covenant in each relevant deed is nearly identical, and states: "[T]he said Grantee hereby covenants and agrees for himself, his heirs, executors, administrators and assigns that he will not erect, or cause to be erected, on said premises a dwelling house costing less than six thousand dollars, nor cause or permit the same premises to be used for any business purpose whatsoever, or for

any purpose other than for a strictly private residence, or sub-divide said premises for the purpose of erecting more than one house thereon. These covenants and agreements shall run with the land hereby conveyed, and be binding upon said grantee, his heirs, executors, administrators and assigns." The wording of the covenant differs, however, from that of the prayer for relief in the plaintiffs' complaint and from that of the judgment of injunction as rendered by the trial court. The restrictive covenant, upon which the relief here must be based, does *not* forbid building upon the premises or the permanent improvement of the defendants' property, as does the judgment. Nor does the opinion of this court in the first appeal refer to any such limitation. This court's remand order was not intended to give the plaintiffs more than that to which they were entitled under the terms of the covenant. The judgment of injunction, therefore, exceeds the bounds of the remand order, and it must be rewritten to prohibit only those actions that are forbidden by the restrictive covenant.

The defendants next claim that it was error for the trial court, on remand, to deny their motion for an evidentiary hearing (1) because of our alleged error in the decision of the first appeal as to the relative location of the properties in question, (2) because six years have passed since the litigation originally began, during which time the neighborhood surrounding the property in question allegedly had changed, necessitating another trial court review of the efficacy of the covenant, and (3) because, in the case of injunctive relief, the trial court had continuing jurisdiction, allowing it to conduct such a postappellate review hearing.

The defendants argue that because the defendants' property was described by this court in its opinion, in the first appeal, as being within a tract of land bordered

by Brookside Drive, Glenville Road, Dearfield Drive and Grove Lane, the only proper judgment on remand would have been an injunction concerning land of the defendants in a tract bounded by the aforementioned roads. They claim that their reasoning is based on *Contegni* v. *Payne,* 18 Conn. App. 47, 59, 557 A.2d 122, cert. denied, 211 Conn. 806, 559 A.2d 1140 (1989), which holds that a judgment must be rendered in accordance with the facts proved. They further argue that such a judgment would have been a nullity because the defendants own no property within those boundaries, but, rather, own property across the street and south of that tract. It is their contention that any judgment that was true to the appellate remand could be only a nullity, and that, therefore, the trial court should have held an evidentiary hearing to locate the land of the defendants properly. They also wanted the opportunity to show that intervening events such as the subdivision and development of a lot next to the defendants' lot created changed circumstances that made it inappropriate to render permanent injunctive relief.

This court's conclusion in the first appeal was that conditions had not changed sufficiently to obviate the purpose of the covenant. This conclusion was based, not on the relative geographical location of the various parcels, but on the fact that much of the property orginally benefited by the covenant was still being used for the purpose contemplated by the original covenant. We held that it, therefore, could not "reasonably be said that the circumstances show[ed] an abandonment of the original plan sufficient to make enforcement of the covenant inequitable. At best, withholding of enforcement of the covenant would make the defendants' property more valuable, but that [was] insufficient to justify withholding equitable relief." *Grady* v. *Schmitz,* supra, 302–303.

Even if this court, at one point in its opinion, did inaccurately describe the location of the defendants' property, that is irrelevant. The salient facts are that the properties of both the plaintiffs and the defendants were within the parcel of land originally conveyed to a common grantor, that the restrictive covenant was applicable to both properties and that some of the original tract, in addition to that owned by the defendants, had not, to date, been subdivided. It was on the basis of these facts that we found that the covenant should still be enforced.

After the release of this court's opinion containing the alleged geographical error, the defendants had the right, which they chose not to exercise, to file with this court a motion to correct. They did, however, file a petition for certification with the state Supreme Court, explaining in great detail, as the defendants' counsel assured us at oral argument, the alleged geographical error. The Supreme Court denied certification. When this alleged geographical error was raised to the trial court on remand, that court correctly found any error in the stated description to be irrelevant.

In remanding the case to the trial court, we did not order an evidentiary hearing, and our decision did not contemplate further proceedings in the trial court. The defendants are attempting to resurrect issues that died during the first appeal.

Finally, the defendants argue that the trial court on remand erred in ordering explicit injunctive relief for or against persons who are not proper parties. Although it is true that the name of the case as it existed at the time of trial was retained in the first appeal, the wording of the judgment of permanent injunction is clear. The words are that the "defendants Robert A. Schmitz and Marion B. Schmitz now and hereafter are permanently enjoined . . . ." It is

unmistakable that these are the *only* parties who are being enjoined. The names of plaintiffs who did not join in the first appeal were included in the caption on the judgment file, and the defendants argue that this inclusion in the caption raises the possibility of a res judicata effect in any subsequent litigation. No original plaintiff not a party to this appeal, however, has attempted, thus far, to enforce on his or her own behalf, the injunction against the defendants, and this eventuality may never occur. If, in the future, any such effort is made, it may be appropriate at that time for the courts to decide this question.

There is error in part, the judgment is set aside and the case is remanded to the trial court with direction to render judgment as on file except that the injunction presently in effect shall be modified to conform to the language of the restrictive covenant.

In this opinion the other judges concurred.