SCARSDALE NATIONAL BANK AND TRUST COMPANY
*v.* ROBERT A. SCHMITZ ET AL.
(8849)

NORCOTT, FOTI and CRETELLA, Js.

Argued December 3, 1990—decision released March 12, 1991

*Robert A. Schmitz,* pro se, and *Marion B. Schmitz,* pro se, the appellants (defendants).

*Ellery E. Plotkin,* for the appellee (plaintiff).

FOTI, J. Robert and Marion Schmitz[1] appeal the trial court's ruling on their motion to open the judgment of foreclosure by sale and to extend the sale date, and on a codefendant's motion for a stay of execution. The Schmitzes claim that the trial court improperly (1) opened the judgment of foreclosure and extended the sale date for only four weeks, and (2) refused to grant a codefendant's motion for a stay of execution. We find that these issues are not properly before this court and dismiss the appeal.

The trial court found the following facts. The plaintiff brought this foreclosure action by writ, summons and complaint dated September 10, 1987. The complaint was comprised of two counts. The first count addressed the foreclosure of the plaintiff's first mortgage, and the second count addressed the foreclosure of a second mortgage. On May 1, 1989, the trial court granted the plaintiff's motion for summary judgment as to the first count. The second count is still pending and has no bearing on this appeal. The court rendered a judgment of foreclosure by sale on May 15, 1989, and set the original sale date of September 23, 1989. The parcel of real property that secures the plaintiff's mort-

---

[1] The Schmitzes are the defendant landowners in this foreclosure action. Their codefendants, trustee Christopher Clausen and intervenor Deutsche Bank Luxembourgh, S.A., do not join in this appeal.

gages is also the subject of another lawsuit involving the enforcement of a restrictive covenant.[2]

Since the original decision on May 15, 1989, the Schmitzes have filed three motions to open the judgment and to extend the sale date. The trial court granted all three of these motions. The last of these motions was heard on January 9, 1990. The record shows that the Schmitzes themselves requested and were granted a four week extension of the sale date. The Schmitzes now challenge this order, arguing that the trial court should have extended the sale date further than February 10, 1990.

The trial court also denied the defendant Deutsche Bank Luxembourgh's motion for stay of execution on January 9, 1990. The Schmitzes appeal the trial court's denial of their codefendant's motion, and argue that execution of the judgment should be stayed until the other litigation involving the subject property has concluded.

The Schmitzes allege that the trial court's decision to open the judgment and to extend the sale date from January 13, 1990, to February 10, 1990, constituted an abuse of discretion. They argue that the sale date should have been extended until the other litigation involving the property has been concluded.

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction." *Kulmacz* v. *Kulmacz,* 177 Conn. 410, 412, 418 A.2d 76 (1979); see *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 497, 522 A.2d 264 (1987). "A requisite element of appealability is that the party claiming error in the decision of the trial court be aggrieved . . . ." *Kulmacz* v. *Kulmacz,* supra.

---

[2] See *Grady* v. *Schmitz,* 21 Conn. App. 111, 572 A.2d 71, cert. denied, 215 Conn. 806, 576 A.2d 537 (1990).

A party cannot be aggrieved by a decision that grants the very relief sought. See *Wedig* v. *Brinster,* 1 Conn. App. 123, 135, 469 A.2d 783 (1983), cert. denied, 192 Conn. 803, 472 A.2d 1284 (1984). In this case, the Schmitzes received the four week extension of the sale date that they requested. They cannot attack this order on appeal because they have not established that they were aggrieved by it.[3]

The Schmitzes also challenge the trial court's decision to deny their codefendant's motion for a stay of execution. We will not address this issue. Issues in this appeal pertaining to the denial of this stay were ordered stricken by this court, sua sponte, on March 28, 1990.[4] Although the Schmitzes have raised this issue in their briefs in contravention of the March 28, 1990 order, we will not address this issue because it is not properly before this court.[5]

The appeal is dismissed.

The case is remanded with direction to set a new sale date.

In this opinion the other judges concurred.

---

[3] The Schmitzes argue that the appeal in *Grady* v. *Schmitz,* 21 Conn. App. 111, 572 A.2d 71, cert. denied, 215 Conn. 806, 576 A.2d 537 (1990), should have stayed proceedings in this case. It is well settled that the filing of an appeal in a foreclosure action acts as a stay of further proceedings. Practice Book § 4046; *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 347, 579 A.2d 1054 (1990); *Zinman* v. *Maislen,* 89 Conn. 413, 94 A. 285 (1915). There is, however, no authority for the proposition that an appeal of a decision concerning real property automatically operates as a stay of foreclosure proceedings involving that piece of realty. The Schmitzes, therefore, would not have prevailed on their argument even if this issue had been properly raised.

[4] The following order was issued on March 28, 1990, pursuant to this court's own motion. "The Appellate Court, sua sponte, hereby orders that the issues in the above-captioned appeal [*Scarsdale National Bank & Trust Co.* v. *Schmitz*] pertaining to the stay are stricken."

[5] Issues regarding a stay of execution cannot be raised on direct appeal. "The sole remedy of any party desiring . . . [review of] . . . an order concerning a stay of execution shall be by motion for review under Sec. 4053." Practice Book § 4049. In this case, neither the Schmitzes, nor their codefendants, filed such a motion. Therefore, this issue is not properly before this court.