[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On June 1, 1999, the plaintiffs, Barbara and Clifford Wren, filed a complaint against the defendant, Roger Arthur Roth. In their complaint, the plaintiffs allege that they obtained a judgment against the defendant in the amount of $327,353.42, together with costs taxed at $632.20.[1] The plaintiffs further allege that the aforementioned judgment remains unpaid. As a result, the plaintiffs seek foreclosure and immediate possession of the defendant's property of 10 Watch Tower Lane, Greenwich. In addition, the plaintiffs seek attorneys fees, costs, interest, and other relief in law and equity.
In response to the complaint, the defendant filed a motion to dismiss on the ground that the court lacks jurisdiction over the action. The defendant alleges that his appeal of the aforementioned judgment invokes the automatic stay provision of Practice Book § 61-11.[2] Consequently, the defendant alleges that the automatic stay provision of Practice Book § 61-11
prohibits the plaintiffs from executing their judgment, thereby depriving the court of jurisdiction. As required by the Practice Book § 10-31, the defendant has filed a supporting legal memorandum along with attached exhibits.
The plaintiffs then, filed an objection to the motion to dismiss along with supporting legal memorandum in accordance with Practice Book § 10-31.[3] In response, the defendant filed a reply memorandum along with attached exhibits.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be CT Page 15422 heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). A court has subject matter jurisdiction if it has "the power . . . to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706
(1998).
The defendant's motion to dismiss is granted because pursuant to General Statutes § 52-380a(c) the plaintiffs' foreclosure action cannot commence.[4] A foreclosure on a judgment lien cannot commence until the termination of a stay of execution. See General Statutes § 52-380a(c).[5] Here, the defendant filed an appeal of the judgment against him. Consequently, Practice Book §61-11 automatically stays the execution of the plaintiffs' judgment while an appeal is pending. See Practice Book § 61-11.[6]
As a result, the defendant's stay of execution prohibits the plaintiffs from initiating a foreclosure on the judgement lien. See Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341,347, 579 A.2d 1054 (1990) ("The effect of these provisions [Practice Book § 61-11 formerly § 4046 is] to stay the enforceability of the foreclosure judgment. . . ."); ScarsdaleNational Bank § Trust Co. v. Schmitz, 24 Conn. App. 230, 233,587 A.2d 154 (1991) ("It is well settled that the filing of an appeal in a foreclosure action acts as a stay of further proceedings.")
The defendant's motion to dismiss is granted because the plaintiffs' inability to enforce the judgment lien deprives the court of subject matter jurisdiction. Failing to state a valid cause of action subjects a complaint to dismissal. See Gurliacciv. Mayer, supra, 544. Pursuant to General Statutes § 52-380a(c) and § 52-356a, the plaintiffs lack a valid cause of action for foreclosure because a stay of execution automatically issued when the defendant appealed the judgment. See Practice Book § 61-11. The court then, cannot assert jurisdiction over an invalidly commenced foreclosure action. See Manfredonia v. Martolli, Superior Court, judicial district of New Haven at New Haven, (February 11, 1991, Fracasse, J.) (holding court lacked jurisdiction when the plaintiff initiated a foreclosure action when automatic stay provision still in effect). Accordingly, the CT Page 15423 defendant's motion to dismiss is granted because the court lacks the authority to adjudicate the foreclosure action.
HICKEY, J.