******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANDERS B. JEPSEN ET AL. *v.* BETH M.
CAMASSAR ET AL.
(AC 42000)

Alvord, Prescott and Beach, Js.

*Syllabus*

The plaintiffs, who held a warranty deed to real property in a subdivision
and a quitclaim deed to an undivided one-forty-eighth interest in a beach
that was subject to certain restrictive covenants, brought an action
against the defendants, who also owned real property in the subdivision,
seeking a declaration that a 2011 modification to the restrictive cove-
nants of the beach deed was null and void. In 2014, a modification that
contained an extensive revision of the restrictive covenants governing
the use of the beach was filed in the land records, causing the plaintiffs
A and B to amend the complaint to seek a declaratory judgment that
the 2014 modification was null and void. The case was tried to the court,
which rendered judgment in part in favor of the defendants, declaring
that the 2011 modification was null and void but that the 2014 modifica-
tion was valid and in full force and effect. A and B thereafter filed a
motion for attorney's fees and costs, which the court denied. A and B
appealed to this court, which, inter alia, reversed the trial court's judg-
ment in favor of the defendants on the declaratory judgment count with
respect to the 2014 modification, concluding that the 2014 modification
was not valid and in full force and effect, and affirmed the court's
judgment in favor of the defendants on A and B's claim for attorney's
fees and costs. The trial court, on remand, rendered judgment declaring
the 2014 modification invalid. Subsequently, A and B filed postjudgment
motions for equitable relief and for fees and costs and a motion to open
the judgment, which the court denied. On A and B's appeal to this
court, *held*:

1. The claim of A and B that the trial court improperly denied their postjudg-
ment motion for equitable relief because this court's order of remand
in the first appeal required the trial court to address their claims for
quiet title and injunctive relief was unavailing, as the relief sought by
A and B was beyond the scope of this court's remand: the rescript in
the first appeal, as interpreted in conjunction with the entirety of the
opinion, conveyed to the trial court that the claims of A and B for
quiet title were beyond the scope of the mandate, as this court, having
identified all of the claims that A and B advanced in the first appeal
and having noted which of those claims would not be addressed in its
opinion, communicated to the parties that each claim was given its due
consideration before this court and ultimately concluded that it was
unnecessary to address the quiet title claims, this court's favorable
rulings on the declaratory judgment counts of A and B obviated the
need to address their quiet title counts, which sought the same relief
as the declaratory judgment counts, and this court made no mention in
its rescript of the quiet title claims of A and B, despite acknowledging
that they had raised those claims; moreover, A and B could not prevail
on their claim that the trial court improperly declined to provide injunc-
tive relief on remand, as this court, having declared the 2011 and 2014
modifications null and void under the declaratory judgment counts,
invalidated the modifications' attack on the original beach deed's restric-
tive covenants by returning title to the beach to what it was prior to
the enactment of those modifications, and, therefore, A and B were not
entitled to any further relief.

2. A and B could not prevail on their claim that the trial court improperly
denied their postjudgment motion for fees and costs as to their success-
ful challenges to the 2011 modification, as that court was correct that
its consideration of the postjudgment motion for fees and costs as to
that modification was beyond the scope of the remand in the first appeal
because this court affirmed the trial court's denial of attorney's fees
and costs with respect to the 2011 modification and did not indicate in
its rescript that the issue warranted further consideration; nevertheless,
the trial court improperly denied the postjudgment motion for fees

and costs without reaching the merits of that motion as to the 2014 modification, as it was appropriate for A and B to seek postjudgment fees and costs with respect to the 2014 modification on remand because their entitlement under that modification to attorney's fees and costs had not been considered before a judgment was rendered in their favor on the 2014 modification by this court's reversal of the trial court, and the postjudgment motion for fees and costs as to that modification was not barred by the doctrines of res judicata or collateral estoppel because it had not been considered by either the trial court or this court in the first appeal.

3. The claim of A and B that, even assuming that this court's mandate in the first appeal did not encompass their claims to quiet title, equitable relief, and fees and costs, the trial court improperly denied their motion to open to provide them with their requested relief, was unavailing; the trial court considered the issues raised by A and B by way of their postjudgment motions to have been litigated and reviewed, and the claim of A and B that the trial court and this court failed to rule on the claims raised in their postjudgment motions was incorrect, as those claims were raised in the first appeal and either rejected or not addressed.

4. A and B could not prevail on their claim that the trial court violated several of their state and federal constitutional rights by failing to hear or grant their postjudgment motions to correct the record and clear the cloud on their title caused by both the 2011 and 2014 modifications, provide them with damages and injunctive relief inherent thereto, and protect their rights and their title against further violations; that court interpreted the scope of the remand correctly when it denied the claims of A and B to quiet title, to injunctive relief, and to attorney's fees and costs as to the 2011 modification, and the court's denial of those claims did not amount to a violation of the constitutional rights of A and B.

Argued October 22, 2019—officially released February 25, 2020

*Procedural History*

Action seeking a judgment declaring, inter alia, that a certain modification to a beach deed was null and void, and for other relief, brought to the Superior Court in the judicial district of New London, where the plaintiff Craig L. Barrila withdrew from the action and Beth Jepsen was added as an additional plaintiff; thereafter, the named plaintiff et al. filed a third amended complaint and the matter was tried to the court, *Bates, J.*; judgment in part for the defendants, from which the named plaintiff et al. appealed to this court, *Lavine, Sheldon* and *Elgo, Js*.; subsequently, the court, *Bates, J.*, denied the motions for attorney's fees and costs and to reargue filed by the named plaintiff et al., and the named plaintiff et al. filed an amended appeal with this court, which reversed in part the trial court's judgment and remanded the case to that court with direction to render judgment in part for the named plaintiff et al.; thereafter, the court, *Calmar, J.*, rendered judgment in accordance with this court's remand order; subsequently, the court, *S. Murphy, J.*, denied the motions for equitable relief, for fees and costs, and to open the judgment filed by the named plaintiff et al., and the named plaintiff et al. appealed to this court; thereafter, the court, *S. Murphy, J.*, issued articulations of its decision. *Affirmed in part; reversed in part; further proceedings.*

*Beth A. Steele*, for the appellants (named plaintiff et al.).

*Mark S. Zamarka*, with whom, on the brief, was

*Edward B. O'Connell,* for the appellees (named defendant et al.).

*Christine S. Synodi,* for the appellees (defendant Savas S. Synodi et al.).

*Opinion*

ALVORD, J. The plaintiffs Anders B. Jepsen and Beth Jepsen[1] appeal from the denial of their postjudgment motions for equitable relief, for attorney's fees and costs, and to open the judgment rendered by the trial court following a remand by this court. See *Jepsen* v. *Camassar*, 181 Conn. App. 492, 187 A.3d 486 (*Jepsen I*), cert. denied, 329 Conn. 909, 186 A.3d 12 (2018). On appeal, the plaintiffs claim that (1) the trial court failed to provide them with relief that was encompassed within the mandate of *Jepsen I* when it denied their claims to equitable relief and attorney's fees and costs, (2) even assuming that the mandate did not encompass the relief sought by the plaintiffs, the trial court improperly declined to open the judgment to provide the plaintiffs with their desired relief, and (3) the trial court violated the plaintiffs' constitutional rights by failing to provide them with their desired relief on remand. We agree in part with the plaintiffs' claim to attorney's fees and costs, reverse the judgment of the trial court limited to that issue and remand the case for further proceedings consistent with this opinion.

The following relevant facts are set forth in this court's decision in *Jepsen I*. The plaintiffs and the defendants,[2] at all relevant times, owned real property in a subdivision in New London (subdivision). Id., 495. In addition to residential parcels, the subdivision is comprised of a 250 foot strip of beachfront property known as Billard Beach (beach). Id., 496. "Each owner of real property in the subdivision is the holder of two deeds relevant to this dispute: a warranty deed that conveyed ownership rights in fee simple to his or her individual parcel of subdivision property (warranty deed) and a quitclaim deed that conveyed an 'undivided one-forty-eighth (1/48th) interest' in the beach (beach deed)." Id. The beach deed contains restrictive covenants on the use of the beach and expressly provides a mechanism for the modification of the restrictive covenants. Id., 496–98. The beach deed is subject to an express condition subsequent that the beach deed would revert back to the grantor, its successors or assigns "if the same is aliened separately and apart from the land" in the warranty deed.

In 2011, a dispute arose among some of the property owners regarding guest access to the beach. In response to this dispute, a modification to the restrictive covenants of the beach deed (2011 modification) was filed on the New London land records. See *Jepsen I*, supra, 181 Conn. App. 502. The 2011 modification prompted the original plaintiffs to commence a declaratory judgment action seeking to have the 2011 modification declared null and void. Id. After the filing of the action, "the parties engaged in prolonged discussions, including mediation, seeking to resolve the issues raised in the legal action, while still trying to respond to the

concerns of the [Billard Beach] [A]ssociation [association] members regarding uncontrolled [guest] use of the beach. . . . In the course of these negotiations, the proponents of the modification, working with the [e]xecutive [c]ommittee of the [a]ssociation, developed and proposed the Amended and Restated Covenants and Restrictions Regarding Billard Beach, New London, Connecticut (2014 modification). The 2014 modification contained an extensive revision of the restrictive covenants governing the use of the beach." (Footnote omitted; internal quotation marks omitted.) Id., 502–503. The 2014 modification was filed on the New London land records, causing the plaintiffs to amend their complaint to seek a declaratory judgment that the 2014 modification is null and void. Id., 509. In their third amended complaint (complaint), the plaintiffs pleaded six counts in total: counts of declaratory judgment, quiet title, and slander of title, as to both the 2011 and 2014 modifications.

A trial was held in December, 2015. Id. In a memorandum of decision dated May 20, 2016, the trial court, *Bates, J.*, "ruled in favor of the defendants on the slander of title counts of the . . . complaint," "rendered judgment in favor of the plaintiffs on the first count of their complaint [seeking declaratory judgment], declaring that '[t]he 2011 modification by agreement of the parties is deemed null and void,' " and "rendered judgment in favor of the defendants on the fourth count of the . . . complaint, stating that '[t]he 2014 modification is declared valid and in full force and effect.' " Id., 510–12. Judge Bates noted that " '[c]laims for attorney's fees and costs, if any, have been reserved by agreement of the parties for posttrial motions.' The plaintiffs thereafter filed a motion for attorney's fees and costs pursuant to General Statutes § 52-245 and Practice Book § 13-25, predicated on the defendants' special defense that the plaintiffs possessed knowledge of the modifications to the beach deed but refused to participate. . . . The [trial] court declined that request, concluding that such an award was not warranted." (Footnotes omitted.) Id., 534. The plaintiffs appealed to this court, claiming that "the [trial] court improperly (1) concluded that the [2014 modification] was properly enacted, (2) concluded that they had not met their burden in establishing slander of title, and (3) declined to render an award of attorney's fees in their favor." Id., 495.

In *Jepsen I*, this court reversed the trial court's judgment in favor of the defendants on the declaratory judgment count with respect to the 2014 modification, concluding that the 2014 modification was not "approved by owners of a majority of properties in the subdivision" and, thus, was not " 'valid and in full force and effect.' " Id., 529. We affirmed the trial court's judgment in favor of the defendants on the plaintiffs' slander of title counts and their claim to attorney's fees and costs. Id., 533, 535. The following rescript was issued in *Jepsen I*: "The

judgment is reversed only as to the fourth count of the plaintiffs' complaint and the case is remanded with direction to render judgment declaring the 2014 modification invalid. The judgment is affirmed in all other respects." Id., 535.

On remand, on May 7, 2018, the trial court, *Calmar, J.*, rendered judgment in favor of the plaintiffs on the fourth count of their complaint, declaring the 2014 modification invalid. The plaintiffs thereafter filed a petition for certification to appeal to our Supreme Court, which was denied. See *Jepsen* v. *Camassar*, 329 Conn. 909, 186 A.3d 12 (2018).

On July 9, 2018, the plaintiffs filed two postjudgment motions: (1) a motion captioned "claim for equitable relief pursuant to [General Statutes §] 47-31, [Practice Book §§] 10-27 and 11-21 and for alternative relief pursuant to [Practice Book] § 10-25" (postjudgment motion for equitable relief); and (2) a motion captioned "motion for fees and costs pursuant to . . . § 52-245 and [Practice Book] § 13-25 and for alternative relief pursuant to . . . [§] 47-31 and [Practice Book] § 10-25" (postjudgment motion for fees and costs).[3]

On July 20, 2018, the defendants represented by Synodi & Videll, LLC, and the defendants represented by Waller, Smith & Palmer, P.C.,[4] separately filed objections to the plaintiffs' postjudgment motions. Therein, those defendants argued that the plaintiffs' postjudgment motions were improper because a judgment had been rendered in the case and no motion to open that judgment had been filed. The defendants further argued that the plaintiffs' claims in the postjudgment motions exceeded the scope of this court's mandate in *Jepsen I*. The Synodi defendants claimed that the plaintiffs had "filed frivolous motions which [were] an abuse of process" and sought to have the plaintiffs foreclosed from filing other similar motions. The WSP defendants claimed that the plaintiffs' postjudgment motions had "no basis in law or fact" and were "blatant and baseless attempts to relitigate issues already ruled [on]," and requested an award of costs and attorney's fees for defending against the plaintiffs' "vexatious claims." On July 25, 2018, the trial court, *S. Murphy, J.*, summarily denied the plaintiffs' postjudgment motions and summarily sustained the defendants' objections thereto.

On July 23, 2018, in response to arguments raised in the defendants' objections and while awaiting the trial court's ruling on their postjudgment motions, the plaintiffs filed a motion to open the judgment (motion to open). The plaintiffs sought to have the court open Judge Calmar's May 7, 2018 judgment and award attorney's fees and costs, and equitable relief. The Synodi defendants and the WSP defendants objected, and Judge Murphy summarily denied the plaintiffs' motion to open. The plaintiffs thereafter filed this appeal of the trial court's denial of their postjudgment motions

and their motion to open.[5] Additional facts will be set forth as necessary.

I

The plaintiffs claim that the trial court improperly denied their (1) postjudgment motion for equitable relief and (2) postjudgment motion for fees and costs. We will consider each claim in turn.

A

The plaintiffs claim that this court's order of remand in *Jepsen I* required the trial court to address their claims for quiet title and injunctive relief. The defendants argue that the relief sought by the plaintiffs was beyond the scope of this court's remand. We agree with the defendants.

We first set forth the principles of law and the standard of review by which we evaluate this claim. "In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . .

"Our remand orders, however, are not to be construed so narrowly as to prohibit a trial court from considering matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand. . . . So long as these matters are not extraneous to the issues and purposes of the remand, they may be brought into the remand hearing." (Citation omitted; internal quotation marks omitted.) *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 515–16, 808 A.2d 726 (*TDS Painting*), cert. denied, 262 Conn. 925, 814 A.2d 379 (2002). "Because a mandate defines the trial court's authority to proceed with the case on remand, determining the scope of a remand is akin to determining subject matter jurisdiction. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, 304 Conn. 754, 791–92, 43 A.3d 567 (2012).

As previously set forth, this court's rescript in *Jepsen I* stated that "[t]he judgment is reversed only as to the

fourth count of the plaintiffs' complaint and the case is remanded with direction to render judgment declaring the 2014 modification invalid. The judgment is affirmed in all other respects." *Jepsen I*, supra, 181 Conn. App. 535. In two separate footnotes, this court stated that, in light of its decisions to affirm the trial court's determination that the 2011 modification was null and void and to reverse the trial court by declaring the 2014 modification null and void, it was unnecessary to reach any of the plaintiffs' other claims for relief, including their request for quiet title. Id., 495 n.1, 529–30 n.49. This court stated that "[t]he plaintiffs also have raised claims concerning a reverter clause in the beach deed, their request to quiet title to the property in question, the applicability of the Common Interest Ownership Act, General Statutes § 47-200 et seq., and various constitutional rights under the state and federal constitutions that allegedly have been violated by the modification of the beach deed. *In light of our resolution of the principal issue in this appeal, we do not address those contentions*." (Emphasis added.) Id., 495 n.1. Later in the opinion, this court "acknowledge[d] that the plaintiffs' complaint also sought to have the court quiet title to the beach. In its memorandum of decision, the trial court did not address that request. See *NPC Offices, LLC* v. *Kowaleski*, 320 Conn. 519, 534, 131 A.3d 1144 (2016). In light of the trial court's declaration that the 2011 modification is null and void, and our conclusion that the 2014 modification likewise is invalid, *further consideration of the plaintiffs' quiet title request is unnecessary*. As a result of our decision today, title to the beach remains as it was prior to the enactment of the 2011 and 2014 modifications." (Emphasis added.) *Jepsen I*, supra, 529–30 n.49.

We conclude that the rescript in *Jepsen I*, as interpreted in conjunction with the entirety of the opinion, particularly the two footnotes recited in the preceding paragraph, conveyed to the trial court that the plaintiffs' claims for quiet title were beyond the scope of the mandate.

First, this court identified all of the claims that the plaintiffs advanced on appeal and noted which of these claims would not be addressed in its opinion. This included the plaintiffs' quiet title claims. See id., 495 n.1, 529–30 n.49. In so doing, this court communicated to the parties that each claim was given its due consideration before this court and ultimately concluded that, in light of its determination on other claims presented in the appeal, it was unnecessary to address the quiet title claims. In this way, this court's direction in *Jepsen I* is distinguishable from other appellate cases in which a remand was found *not* to have proscribed the trial court from considering certain issues on remand because those issues had not been raised in the appeal. See, e.g., *State* v. *Brundage*, 320 Conn. 740, 750, 135 A.3d 697 (2016) ("In *Brundage* . . . the Appellate Court did

not have before it the question of whether the state could file, subsequent to a reversal of the defendant's judgments of conviction, a substitute information bringing different charges against the defendant. That question was completely outside the scope of the issues presented in the appeal, and to impose a rule that presumes that a reviewing court would address such an issue would require the reviewing court to act with a degree of prescience that cannot reasonably be expected, and, therefore, is completely inconsistent with the role played by a reviewing court."); *Beccia* v. *Waterbury*, 192 Conn. 127, 131, 133, 470 A.2d 1202 (1984) (concluding that constitutionality defense that was raised to trial court on remand was not beyond scope of remand because it was not before our Supreme Court in first appeal); *Behrns* v. *Behrns*, 124 Conn. App. 794, 814–15, 817, 6 A.3d 184 (2010) (concluding that trial court did not exceed its authority on remand when it ordered defendant to pay interest on arrearages because "[a]t the time of our remand . . . neither the trial court nor this court had addressed the plaintiff's entitlement to interest on the money owed by the defendant"); *TDS Painting*, supra, 73 Conn. App. 514–18 (holding that trial court and attorney trial referee were not barred on remand from considering issue of post-judgment attorney's fees and costs because they were not part of earlier appeal). This court's acknowledgment of the plaintiffs' quiet title claims and its conclusion that it need not address them was interpreted correctly by the trial court as an indication that no further consideration was owed to these claims on remand.

Second, as noted in footnotes 1 and 49 of *Jepsen I*; see *Jepsen I*, supra, 181 Conn. App. 495 n.1, 529–30 n.49; this court's favorable rulings on the plaintiffs' declaratory judgment counts obviated the need to address their quiet title counts, as the plaintiffs sought the same relief under both sets of counts. In the plaintiffs' second and fifth counts of their complaint, in which they sought to quiet title, the plaintiffs' claim for relief was a "[j]udgment determining the rights of the parties in and to the property and settlement [of] the title thereto by declaring the modification to be null and void," and "[s]uch other relief as in equity may appertain." Under the first and fourth counts, seeking a declaratory judgment, the plaintiffs likewise sought, inter alia, that the 2011 and 2014 modifications be declared null and void. Because this court provided the plaintiffs with their requested relief under their declaratory judgment counts—declaring both modifications null and void—it would have been superfluous for this court to address their quiet title counts, which also sought that the modifications be declared null and void. It would have been similarly redundant for the trial court to interpret this court's mandate as requiring it to consider the same issue that this court declined to address. The trial court correctly refrained from

doing so.

In footnote 49 of *Jepsen I*, this court stated that "the plaintiffs' complaint also sought to have the court quiet title to the beach. In its memorandum of decision, the trial court did not address that request." *Jepsen I*, supra, 181 Conn. App. 529 n.49. Although this factual statement arguably could be seen as an observation by this court that Judge Bates had failed to rule on the plaintiffs' quiet title counts, we do not share in that interpretation. Rather, we read this statement as a simple recognition that Judge Bates did not separately analyze or set forth his ruling on the plaintiffs' quiet title counts.

Instead, Judge Bates implicitly disposed of the plaintiffs' quiet title counts because those counts sought the same relief that was requested by the plaintiffs under their declaratory judgment counts and his analysis of the validity of the 2011 and 2014 modifications corresponded to both sets of those counts. The plaintiffs' requested relief under both sets of counts—that the modifications be invalidated—required Judge Bates to analyze whether the modifications to the beach deed were created in accordance with the beach deed's express mechanism for modifying its restrictive covenants. Judge Bates performed this analysis with respect to the 2011 modification, as evidenced by his conclusion that "a 'vote' requires more formality than just obtaining signatures" and that "the [2011] modification appears to have been a legal nullity." Judge Bates likewise performed this analysis with regard to the 2014 modification, as exhibited by his conclusion that "a 'vote' occurred regarding the [2014] modification." With respect to the applicability of a quiet title claim to the 2014 modification, Judge Bates found that the valid modification did not create any interest adverse to the plaintiffs' interest, which precluded the need "for a full determination of the rights of the parties in" the beach deed. *Lake Garda Improvement Assn.* v. *Battistoni*, 155 Conn. 287, 293, 231 A.2d 276 (1967). Judge Bates' conclusion is best illustrated by his finding that "[n]one of [the] changes [provided by the 2014 modification] affected the 'ownership' of beach rights; rather, the changes more precisely described and to some degree expanded those rights. Instead of severing the beach lot from the house lot—as alleged by the plaintiff[s]—the changes clarified and defined the rights of lot owners and their tenants to use the beach." Because of Judge Bates' rulings on the validity of both modifications, and in light of his finding that no adverse interests were created as a result of the 2014 modification, the quiet title claims effectively were adjudicated.

Third, this court made no mention in its rescript of the plaintiffs' quiet title claims, despite acknowledging that the plaintiffs had raised these claims and, nevertheless, declining to address them. If this court wanted the trial court to address the plaintiffs' quiet title claims on

remand, it would have said so explicitly. See *Barlow* v. *Commissioner of Correction*, 328 Conn. 610, 613–14, 182 A.3d 78 (2018) (stressing need for "clarity and consistency between the opinion and the rescript"). This court did not do so.

*NPC Offices, LLC* v. *Kowaleski*, supra, 320 Conn. 519, is illustrative of circumstances in which our Supreme Court provided the trial court with explicit instructions to address certain claims in a new trial. In that case, a dispute arose over the legal effectiveness of an express easement that provided the grantee-plaintiff the right to use the driveway of the grantor-defendants to access a parking area behind the parties' abutting real properties. Id., 522–23. The easement was conditioned on the plaintiff's property being used for purposes of residential or professional offices. Id., 522. When the defendants constructed an iron fence behind the buildings along the parties' common boundary, resulting in restricted access to and maneuverability in the parking area behind the plaintiff's property, the plaintiff brought an action, claiming fraudulent transfer, entry and detainer, and the creation of prescriptive and implied easements, and sought quiet title and an injunction. Id., 523. The trial court concluded that the plaintiff's property was not being used as " 'professional offices,' " as those terms in the easement had been interpreted by the trial court, and, thus, that the easement was terminated. Id., 524. Our Supreme Court reversed. Id., 533. The court recognized that, "[a]s a result of the trial court's determination that the easement had terminated, there [were] several claims that the trial court did not independently address," including quiet title, injunctive relief, and entry and detainer. Id., 533–34. Our Supreme Court remanded the case to this court with direction to reverse the trial court's judgment and to remand the case to the trial court for a new trial and provided the trial court with explicit directions to address those claims in a new trial. Id., 534–35.

The plaintiffs maintain that this court's citation to *NPC Offices, LLC*, in footnote 49 of *Jepsen I*; see *Jepsen I*, supra, 181 Conn. App. 529–30 n.49; is a "clear direction" by this court that the plaintiffs' quiet title claims be considered on remand. We disagree. *NPC Offices, LLC*, is distinguishable from the present case and, thus, cannot be used as the plaintiffs suggest. In *NPC Offices, LLC*, the trial court concluded that the easement was terminated and, for that reason, did not consider the plaintiff's claims for quiet title, injunctive relief, and entry and detainer, all of which related to the defendants' construction of an iron fence along the parties' common boundary. Upon reversal, however, our Supreme Court noted that, because the easement was not terminated, meaning that the plaintiff's right to access the defendants' driveway remained effective, the plaintiff could be entitled to further relief under its additional claims relating to the defendants' iron fence.

See *NPC Offices, LLC* v. *Kowaleski*, supra, 320 Conn. 534. Conversely, in the present case, when, in *Jepsen I*, we affirmed the trial court's ruling that the 2011 modification was null and void and reversed the trial court as to the 2014 modification, finding it null and void, there was no need to consider the plaintiffs' quiet title claims because the plaintiffs were already given the relief they sought, namely, a declaration that both modifications are null and void.[6] Accordingly, unlike *NPC Offices, LLC*, in the present case there was no lingering impediment, physical or otherwise, to the plaintiffs' beach deed after both modifications were declared null and void. We reiterate that, if this court wanted the trial court to consider the plaintiffs' quiet title counts on remand, it would have done so explicitly in its rescript rather than by oblique citation to *NPC Offices, LLC*, within a footnote.

The plaintiffs also argue that the trial court improperly declined to provide injunctive relief on remand.[7] The plaintiffs argue that "injunctive relief is essential to implementing and protecting [this court's] decision [in *Jepsen I*] to invalidate the modifications' attack on the original deed's restrictive covenants." This court, by declaring the 2011 and 2014 modifications null and void under the plaintiffs' declaratory judgment counts, had already "invalidate[d] the modifications' attack on the original deed's restrictive covenants," by returning "title to the beach . . . [to what it] was prior to the enactment of the 2011 and 2014 modifications." *Jepsen I*, supra, 181 Conn. App. 530 n.49. As a result, the plaintiffs were not entitled to any further relief.[8]

The trial court interpreted correctly this court's mandate as not requiring that the plaintiffs' claims for quiet title and injunctive relief be addressed.[9]

B

The plaintiffs next claim that the trial court improperly denied their postjudgment motion for fees and costs as to their successful challenges to both the 2011 and 2014 modifications. The defendants respond that *Jepsen I* affirmed Judge Bates' denial of attorney's fees and costs, and, thus, the trial court would have gone beyond the scope of the remand were it to revisit that issue. The defendants further argue that the plaintiffs' postjudgment motion for fees and costs is barred by the principles of res judicata and collateral estoppel. We agree with the plaintiffs that the trial court improperly denied their postjudgment motion for fees and costs without reaching the merits of the motion as to the 2014 modification. We affirm the trial court's denial of that motion as to the 2011 modification.

The following additional facts are relevant to our analysis of this issue. In his May 20, 2016 memorandum of decision, Judge Bates stated that "[c]laims for attorney's fees and costs, if any, have been reserved by

agreement of the parties for posttrial motions." On June 6, 2016, the plaintiffs moved for attorney's fees and costs with respect to prevailing on the 2011 modification under § 52-245[10] and Practice Book § 13-25.[11] The plaintiffs argued that certain "defendants have continuously maintained special defenses that the plaintiffs had notice of the 2011 modification and refused to participate in meaningful discussions regarding it," but that those defendants lacked just cause to plead those defenses and refused to respond to the plaintiffs' requests to admit with regard to them. Because the plaintiffs did not prevail with respect to the 2014 modification, they did not seek attorney's fees and costs as to the 2014 modification. On September 7, 2016, Judge Bates denied the plaintiffs' motion for fees and costs relative to the 2011 modification. Judge Bates cited General Statutes § 52-243[12] and held that, "[g]iven [the] dynamics between the parties and the good faith efforts of the defendants to work with the plaintiffs, the awarding [of] fees for a partial verdict—the invalidation of the initial bylaw changes—is not appropriate, and the motion is denied."

On appeal in *Jepsen I*, the plaintiffs argued that Judge Bates "abused [his] discretion in declining to render an award of attorney's fees in their favor due to the allegedly frivolous filing of . . . special defense[s] by certain defendants." *Jepsen I*, supra, 181 Conn. App. 533. This court noted that those defendants raised those special defenses with respect to the 2011 and 2014 modifications. Id. Ultimately, this court concluded that, "[o]n our thorough review of the record, we cannot say that the [trial] court abused its discretion in denying the plaintiffs' request for attorney's fees and costs in the present case." Id., 535. The case was remanded, and Judge Calmar rendered judgment in favor of the plaintiffs on the fourth count of their complaint on May 7, 2018. The plaintiffs filed a postjudgment motion for fees and costs as to both the 2011 and 2014 modifications, to which the defendants filed objections. Judge Murphy summarily denied the plaintiffs' motion and summarily sustained the defendants' objections and, in an articulation, reasoned that in *Jepsen I* this court "addressed [Judge Bates'] ruling [on attorney's fees and costs] and, after consideration, left it unchanged . . . ."

We begin our analysis by setting forth the standard of review and the controlling principles of law. "Because a mandate defines the trial court's authority to proceed with the case on remand, determining the scope of a remand is akin to determining subject matter jurisdiction. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Gianetti* v. *Norwalk Hospital*, supra, 304 Conn. 791–92. "Connecticut case law follows the general rule, frequently referred to as the American Rule, that attorney's

fees are not allowed to *the prevailing party* as an element of damages unless such recovery is allowed by statute or contract." (Emphasis added; internal quotation marks omitted.) *TDS Painting*, supra, 73 Conn. App. 516; see id., 516–17 (holding that plaintiff's entitlement to attorney's fees was not available until plaintiff received favorable judgment, postappeal).

The trial court was correct that its consideration of the plaintiffs' postjudgment motion for fees and costs as to the 2011 modification was beyond the scope of the remand in *Jepsen I*.[13] When Judge Bates denied the plaintiffs' June 6, 2016 motion for attorney's fees and costs, he did so with respect to the 2011 modification because that is the modification that the plaintiffs successfully challenged. Thus, in *Jepsen I*, when this court affirmed Judge Bates' denial of attorney's fees and costs after concluding that he did not abuse his discretion, it did so only as to the challenge to the 2011 modification. This court did not indicate in its rescript that the issue warranted further consideration. Therefore, the trial court correctly interpreted this court's mandate because the mandate did not direct that any further action be taken on the plaintiffs' request for attorney's fees and costs as to the 2011 modification.[14]

The trial court, however, improperly concluded that it would have exceeded the scope of the remand had it considered the plaintiffs' entitlement to attorney's fees and costs with respect to the 2014 modification. In *Jepsen I*, this court granted the plaintiffs the reversal they were seeking on the trial court's determination that the 2014 modification was " 'valid and in full force and effect' . . . ." *Jepsen I*, supra, 181 Conn. App. 529. Before a judgment was rendered in the plaintiffs' favor on the 2014 modification by this court's reversal of the trial court, their entitlement under that modification to attorney's fees and costs had not been considered. Therefore, it was appropriate for the plaintiffs to seek postjudgment fees and costs on remand. See *TDS Painting*, supra, 73 Conn. App. 516–17. Moreover, because the plaintiffs' postjudgment motion for fees and costs as to the 2014 modification had not been considered by either the trial court or this court in *Jepsen I*, it would not be barred by the doctrines of res judicata (claim preclusion) or collateral estoppel (issue preclusion). See *Rocco* v. *Garrison*, 268 Conn. 541, 554, 848 A.2d 352 (2004) ("[C]laim preclusion prevents a litigant from reasserting a claim that *has already been decided* on the merits. . . . [I]ssue preclusion . . . prevents a party from relitigating an issue that *has been determined* in a prior suit." (Emphasis added; internal quotation marks omitted.)). The trial court's denial of the plaintiffs' postjudgment motion for fees and costs is reversed as to the 2014 modification and affirmed as to the 2011 modification.

II

The plaintiffs next claim that, even assuming that the mandate in *Jepsen I* did not encompass their claims to quiet title, equitable relief, and fees and costs, the trial court improperly denied their motion to open to provide them with their requested relief. The plaintiffs argue that the trial court "used the language of [*Jepsen I*] as a shield against exercising its discretion . . . ." The plaintiffs further argue that a good and compelling reason to open the judgment was "predicated [on] the fact that both the trial court and [this court] failed to rule on the quiet title counts of the . . . complaint" and that the plaintiffs "are entitled to compensation for their exhaustive efforts to protect the rights of themselves, their invited family and all owners in the subdivision." The defendants argue that the plaintiffs "have not been able to meet their burden to show an abuse of the trial court's discretion" because they "have not cited to any authority which supports [opening] a judgment for the sole purpose of relitigating issues previously litigated and disposed of." We are not persuaded by the plaintiffs' arguments.

"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court . . . to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Newtown* v. *Ostrosky*, 191 Conn. App. 450, 468, 215 A.3d 1212, cert. denied, 333 Conn. 925, 218 A.3d 68 (2019).

With respect to the plaintiffs' motion to open, the trial court stated in its October 3, 2018 articulation that, "in reviewing [this court's] opinion [in *Jepsen I*], [it] considers the issues raised by the plaintiffs by way of [their] postjudgment motions to have been litigated and reviewed. There is nothing in [this court's] opinion, when read in conjunction with the direction on remand, that leads [the trial] court to believe [that] there is good cause or a compelling reason to relitigate any issues concerning the present case." The plaintiffs do not offer any good and compelling reason for opening the judgment other than their position that the trial court and this court failed to rule on the claims raised in their postjudgment motions. The plaintiffs' position is incorrect. As discussed in part I of this opinion, the plaintiffs' claims of quiet title, to injunctive relief and to attorney's fees and costs as to the 2011 modification were raised in *Jepsen I* and either rejected or not addressed. As

such, the trial court did not abuse its discretion by declining to open the judgment so as to resurrect these claims.[15]

### III

The plaintiffs argue that by failing to hear or grant their postjudgment motions to "correct the record and clear the cloud [on] their title caused by [the 2011 and 2014] modifications, provide them with damages and injunctive relief inherent thereto, and protect their rights and their title against further violations," the trial court violated several of their state and federal constitutional rights. Specifically, the plaintiffs claim that the trial court "has involved the state in sanctioning, allowing and enforcing baseless litigation, enforcing private discrimination, invading privacy, taking the [plaintiffs'] property . . . [and] in interfering with their right of association." We disagree.

Our standard of review when interpreting a mandate of this court is as set forth in parts I A and B of this opinion. In part I A of this opinion, we concluded that the plaintiffs' claims to quiet title and injunctive relief were beyond the scope of the remand. In part I B of this opinion, we concluded that the plaintiffs' claim to attorney's fees and costs as to the 2011 modification also was beyond the scope of the remand.[16] Because the trial court interpreted the scope of the remand correctly when it denied the plaintiffs' aforementioned claims, we reject the plaintiffs' assertion that the trial court's sound denial amounted to a violation of their state and federal constitutional rights.

The judgment is reversed only as to the denial of the plaintiffs' postjudgment motion for fees and costs as to the 2014 modification and the case is remanded for further proceedings limited to that issue; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The original plaintiffs in the present action were Anders B. Jepsen and Craig L. Barrila. On August 19, 2013, a withdrawal was filed on behalf of Barrila by his attorney. On March 3, 2014, Beth Jepsen was cited in as an additional plaintiff. We will refer to Anders B. Jepsen and Barrila as the original plaintiffs and to Anders B. Jepsen and Beth Jepsen as the plaintiffs.

[2] See footnote 4 of this opinion for a complete list of the defendants in the present action.

[3] We refer in this opinion to the postjudgment motion for equitable relief and the postjudgment motion for fees and costs, collectively, as the postjudgment motions.

[4] In this appeal, Synodi & Videll, LLC, represented the defendants Christine Synodi, George Synodi, Savas S. Synodi and Maria S. Synodi (Synodi defendants). Waller, Smith & Palmer, P.C., represented the defendants Mary B. Roland, Richard L. Thibeault, Beth M. Camassar, Rubin Levin, Lenore Levin, Theresa Tuthill, David Eder, Ronald J. Wofford, Jeffrey R. Seidel, Bethany R. F. Seidel, Eunice Greenburg, trustee, Daniel S. Firestone, Hope H. Firestone, Leonard T. Epstein, Sandra R. Epstein, Eric Parnes, Marilyn Parnes, John A. Spinnato, Janine Stavri, Sophocles Stavri, Robert McLaughlin, Jr., Roberta McLaughlin, Stanley Banks, Elaine Banks, Jerry C. Olsen, Vivian C. Stanley, David M. Goebel, Earline B. Goebel, Ronald E. Beausoleil, Pamela Beausoleil, Marilyn Simonson, Barry Weiner, Cynthia C. Weiner, Barbara Sinclair, Richard Sinclair, Michael P. Shapiro, Elaine P. Shapiro, Miriam Levine, John Oliva, Nancy Krant, Mary Margaret Kral, trustee, Edwin J. Roland, Michael

J. Raimondi, Hugh F. Lusk, Anne Marie Lizarralde, Manuel Lizarralde, Paul Burgess and Deborah Burgess (WSP defendants).

The defendants Estella C. Kuptzin, Emily S. King, Anthony C. Polcaro, Joanne L. Polcaro, Shirley Gottesdiener, trustee, Marian E. Dippel, Debra B. Gruss, Kenneth C. Wimberly, Dawn Hickey Thibeault, James J. Correnti, Willa M. Correnti, Arnold D. Seifer, Judith A. Pickering, Anne Marie Mitchell and Frank Pezzello were not represented by either counsel.

Hereinafter in this opinion, the Synodi defendants, the WSP defendants and the unrepresented defendants will be referred to collectively as the defendants.

[5] After filing their appeal, the plaintiffs filed a motion for articulation on September 11, 2018, directed at Judge Murphy's summary denial of the plaintiffs' postjudgment motions and their motion to open, and her decision sustaining the defendants' objections to the plaintiffs' postjudgment motions. Judge Murphy issued a "memorandum of decision on the motion for articulation" on October 3, 2018, in which she stated that "the matters raised by the plaintiffs by way of postjudgment motions to this court are hereby considered to have been litigated, decided, reviewed, and left undisturbed, with no direction [on] remand to this court to entertain any such issues by way of relitigation."

On October 16, 2018, the plaintiffs moved for review of Judge Murphy's articulation to this court. On December 5, 2018, this court granted review of the plaintiffs' motion but denied the relief requested therein. We also ordered, sua sponte, that Judge Murphy articulate "(1) whether in sustaining the defendants' objections to the plaintiffs' [postjudgment] motion for fees and costs and their claim for equitable relief . . . [she] granted the affirmative requests for relief contained in those objections, wherein the defendants sought to have the trial court foreclose the plaintiffs from filing other similar motions . . . and award them costs and attorney's fees for defending against the plaintiffs' 'vexatious claims' . . . and (2) the factual and legal basis for [her] decision."

On December 13, 2018, in response to this court's order, Judge Murphy issued an articulation of her orders sustaining the defendants' objections to the plaintiffs' postjudgment motions. Judge Murphy stated that she had denied the defendants' two affirmative requests for relief seeking to have the court foreclose the plaintiffs from filing other similar motions and award the defendants costs and attorney's fees.

[6] The plaintiffs argue that their title is clouded, despite the 2011 and 2014 modifications having been determined null and void, which necessitated consideration of their quiet title claims and an award of injunctive relief on remand. The plaintiffs had advanced this argument in *Jepsen I*. This court, aware of the plaintiffs' argument that a cloud would remain over their title even if both modifications were deemed null and void, was not persuaded to address the plaintiffs' claims. *Jepsen I*, supra, 181 Conn. App. 495 n.1, 529–30 n.49. The disinclination in *Jepsen I* to discuss the plaintiffs' claims, and their related argument of clouded title, supports the conclusion in this appeal that the remand did not envision the trial court's addressing of those same claims.

[7] The plaintiffs requested that "the restrictive covenants (including the reverter) in the parties' mutual [beach] deed be enforced." The reverter clause is triggered if the beach deed is "aliened separately and apart from the land" in the warranty deed. In *Jepsen I*, this court affirmed Judge Bates' judgment that the 2011 modification was invalid and reversed Judge Bates' judgment that the 2014 modification was valid. We determined in *Jepsen I* that the 2014 modification was void, a conclusion that, as a matter of logic, means that the beach deed has not been separately aliened. Accordingly, by virtue of our conclusion that the 2014 modification was void, no further proceedings were required regarding this issue.

[8] The plaintiffs cite *Grady* v. *Schmitz*, 21 Conn. App. 111, 572 A.2d 71, cert. denied, 215 Conn. 806, 576 A.2d 537 (1990), for the proposition that "injunctive relief is within the scope of a remand when restrictive covenants are violated." We disagree. In the underlying action, the plaintiffs sought only an injunction to enforce a restrictive covenant. See *Grady* v. *Schmitz*, 16 Conn. App. 292, 294, 547 A.2d 563, cert. denied, 209 Conn. 822, 551 A.2d 755 (1988). The trial court rendered judgment in favor of the defendants; id., 293; which this court found erroneous on appeal and, accordingly, remanded "with direction to render judgment for the plaintiffs." Id., 303. In the second appeal, the trial court was found to have interpreted correctly the remand as a directive to render a judgment of injunctive relief in favor of the plaintiffs, but erred with regard to the "breadth of the injunction . . . ."

*Grady* v. *Schmitz*, supra, 21 Conn. App. 114. Those cases are limited to their facts and do not establish the general principle advanced by the plaintiffs. See id. ("[t]he trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein" (emphasis omitted; internal quotation marks omitted)). Injunctive relief was within the scope of the remand in *Grady* v. *Schmitz*, supra, 21 Conn. App. 111, because it was the only relief sought by the plaintiffs. Here, however, the plaintiffs sought and received a declaratory judgment that invalidated the 2011 and 2014 modifications and, therefore, were not also entitled to injunctive relief.

[9] The defendants argue that the plaintiffs' claims to quiet title and for equitable relief are barred by the doctrines of res judicata and collateral estoppel. Because we conclude that the plaintiffs' claims are beyond the scope of this court's remand in *Jepsen I*, we do not consider this argument.

[10] General Statutes § 52-245 provides: "In any case in which an affidavit has been filed by the defendant, or a statement that he has a bona fide defense has been made to the court by his attorney, and the plaintiff recovers judgment, if the court is of the opinion that such affidavit was filed or statement made without just cause or for the purpose of delay, it may allow to the plaintiff, at its discretion, double costs, together with a reasonable counsel fee to be taxed by the court."

[11] Practice Book § 13-25 provides: "If a party fails to admit the genuineness of any document or the truth of any matter as requested herein, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, such party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The judicial authority shall make the order unless it finds that such failure to admit was reasonable."

[12] General Statutes § 52-243 provides: "If a verdict is found on any issue joined in an action in favor of the plaintiff, costs shall be allowed to him, though on some other issue the defendant should be entitled to judgment, unless the court which tried the issue is of the opinion that the defendant had probable cause to plead the matter found against him."

[13] In light of our conclusion that the plaintiffs' postjudgment motion for fees and costs as to the 2011 modification is beyond the scope of the remand, we do not consider the defendants' argument that the plaintiffs' motion is barred by the doctrines of res judicata and collateral estoppel.

[14] The plaintiffs argue that Judge Murphy "erred in failing to recognize that the plaintiffs only prevailed on [count one with respect to the 2011 modification] after the Appellate Court so articulated, and erred in failing to recognize that [Judge Bates'] prior analysis and the Appellate Court's affirmance of it was made pursuant to . . . § 52-243." The plaintiffs are mistaken. Judge Bates considered the plaintiffs' motion for attorney's fees and costs under § 52-243 because that statute allows a plaintiff to recover attorney's fees and costs after securing a partial verdict. Judge Bates did provide the plaintiffs with a partial verdict when he rendered judgment in the defendants' favor on the 2014 modification and on the plaintiffs' slander of title counts as to both modifications, and in the plaintiffs' favor on the 2011 modification. The fact that Judge Bates considered the plaintiffs' 2016 motion for attorney's fees and costs prior to the plaintiffs' appeal in *Jepsen I* is proof that Judge Bates rendered judgment in their favor on the 2011 modification.

[15] Because we conclude that consideration of the plaintiffs' postjudgment motion for fees and costs as to the 2014 modification is not beyond the scope of the remand; see part I B of this opinion; it is unnecessary to address that portion of the plaintiffs' motion to open that asserts a claim to attorney's fees and costs with regard to the 2014 modification.

[16] In part I B of this opinion, we concluded that the trial court incorrectly interpreted the remand as barring consideration of the plaintiffs' claims to attorney's fees and costs as to the 2014 modification. The plaintiffs have not demonstrated, however, that the trial court's error rises to the level of a constitutional violation. Accordingly, we consider these claims meritless, and they warrant no further discussion.

———————————————